**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ANDRE GRAHAM,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-40048-01-JAR |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Andre Graham's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 96, 97). Petitioner claims that both of his counsel gave him ineffective assistance. He claims that his first counsel Johnathan Phelps gave him ineffective assistance by failing to move for a competency evaluation prior to petitioner's entry of a guilty plea and by misrepresenting to him that he faced no more than a 77-month custodial sentence. The Court held an evidentiary hearing and issued a Memorandum and Order on these very issues between the time of petitioner's plea and sentencing. Consistent with its prior ruling, the Court denies petitioner's § 2255 motion with respect to the claims of ineffective assistance by Mr. Phelps. In this § 2255 motion, petitioner further claims that he received ineffective assistance from his new counsel, Kay Huff, whom the Court appointed to represent him after the plea hearing. Petitioner claims that Ms. Huff rendered ineffective assistance in failing to object to various matters in the presentence report. The Court has previously ruled that the petitioner entered into a plea agreement knowingly and voluntarily and with the requisite mental competency. That plea agreement included a provision in which the petitioner largely waived his rights to appeal and collaterally attack issues concerning the prosecution, conviction

and sentence in this case. Petitioner's claim against Ms. Huff is within the scope of that waiver, and thus petitioner's motion under § 2255 on the claim against Ms. Huff is also denied.

Petitioner has requested an evidentiary hearing on his § 2255 motion. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court is required to conduct an evidentiary hearing in a § 2255 case.[1] As previously noted, the Court already held an evidentiary hearing on the same claims against Mr. Phelps. And with respect to the claims against Ms. Huff, the Court finds that the record is conclusive in establishing that petitioner is not entitled to relief. Thus, the request for an evidentiary hearing is denied.

**I.     Background**

On June 2, 2008, petitioner pled guilty to Counts 3 and 5 of the Indictment. Count 3 charged petitioner with possession with intent to distribute approximately 30.33 grams of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and Count 5 charged petitioner with possession of a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1)(A). At the plea hearing, the Court conducted an extensive colloquy with petitioner to ensure: that his plea was knowing and voluntary; that he had the benefit and advice of competent and experienced counsel; and that he was aware of the charges, the factual and evidentiary bases for the charges, his right to a jury trial, and the potential civil rights and sentencing consequences of pleading guilty to Counts 3 and 5 of the Indictment. Petitioner's plea was accepted by the Court.

On June 23, 2008, three weeks after the plea hearing, but before the sentencing hearing,

---

[1] 28 U.S.C. § 2255(b).

defense counsel Jonathan Phelps filed a motion to withdraw. The Court held a hearing, granted the motion, and appointed Kay Huff to represent petitioner. A presentence investigation report ("PSR") was prepared, but before the sentencing took place, petitioner filed a motion to withdraw his plea. The Court conducted an evidentiary hearing. Mr. Phelps and petitioner both testified. After the hearing, petitioner's new defense counsel, Ms. Huff, filed a supplemental memorandum on his behalf. After considering the testimony and evidence presented at the hearing on the motion to withdraw plea, as well as the transcript of the plea hearing, the Court denied the motion to withdraw plea, in a Memorandum and Order on March 31, 2009.[2]

Petitioner's sentencing hearing was held on May 4, 2009. On Count 3, the PSR calculated the total offense level at 27, criminal history category V, with a guideline range of 120 to 150 months of imprisonment. Count 5 bore a mandatory sentence of five years, to be served consecutive to Count 3. On petitioner's behalf, Ms. Huff filed no objections to the PSR; however, she filed a sentencing memorandum which included letters of support as well as a letter from psychiatrist Dr. Samuel L. Bradshaw of the Veterans Affairs Medical Center. In the sentencing memorandum, petitioner requested a downward variance or departure, relying on 18 U.S.C. § 3553(a), asking the Court to consider his background and individual circumstances, his efforts to cooperate with law enforcement and engage in rehabilitation, as well as his "diminished capacity which substantially impaired his judgment" as provided for in U.S.S.G. § 5K2.13. The Court found petitioner's sentencing memorandum and presentation at the sentencing hearing persuasive, and granted petitioner a two-level downward departure for diminished capacity as well as a downward variance, equivalent to two levels, for his

---

[2](Doc. 65.)

rehabilitative efforts. The Court sentenced him to 84 months imprisonment on Count 3 and 60 months imprisonment on Count 5, to be served consecutive to Count 3.

After filing a notice of appeal, which was subsequently dismissed by the Tenth Circuit on petitioner's motion, petition filed the instant motion for relief under § 2255.

## II. Discussion

### A. Ineffective Assistance Claims against Mr. Phelps

Petitioner asserts two claims for ineffective assistance of counsel, against Mr. Phelps, his counsel at the plea hearing, and against Ms. Huff, his counsel at the sentencing hearing. With respect to the claims against Mr. Phelps, the Court incorporates by reference its March 31, 2009 Memorandum and Order,[3] in which the Court discussed the plea colloquy and the evidence presented at the hearing on the motion to withdraw plea, and denied the motion to withdraw plea. Petitioner's motion to withdraw plea was based on petitioner's assertion that Mr. Phelps did not competently represent him, in that he: misrepresented to him that he could expect a total 77 month sentence on Counts 3 and 5. Petitioner also asserted that he was pressured to plead guilty because he feared the Mr. Phelps' assertion of an insanity defense would require that his custody be served in a mental institution. The Court analyzed these claims under Federal Rule of Criminal Procedure 11(d)(2)(B), which allows withdrawal of a plea after the court accepts the plea, but before it imposes sentence, if the defendant can show a fair and just reason for withdrawal.[4] The Court went on to analyze petitioner's motion to withdraw, utilizing the seven

---

[3](Doc. 65.)

[4]Fed. R. Crim. P. 11(d)(2)(B).

part test employed by the Tenth Circuit.[5] The Court focused its analysis on the fifth factor, "whether close assistance was available to the defendant," and analyzed petitioner's claims against Mr. Phelps, applying "the familiar test for ineffective assistance of counsel,"[6] enunciated by the Supreme Court in *Strickland v. Washington*.[7]

Notably, in this § 2255 motion, petitioner raises the same claim, that Mr. Phelps rendered ineffective assistance of counsel in estimating that he would receive a 77-month sentence. The Court will not revisit its analysis of Mr. Phelps' performance, having conducted an evidentiary hearing and having issued a Memorandum and Order on this very claim.

In his § 2255 motion, petitioner also claims that Mr. Phelps rendered ineffective assistance of counsel because he failed to move for a competency evaluation before petitioner entered into the guilty plea. This is a twist on petitioner's claim against Mr. Phelps in the motion to withdraw plea. In the motion to withdraw plea, petitioner argued that he felt pressured to plead guilty because he feared that, because Mr. Phelps had filed a notice of intent to assert an insanity defense, any custodial sentence he received would be served in a mental institution. Petitioner complained that Mr. Phelps filed the notice of insanity defense without first consulting with him.

But now petitioner claims that Mr. Phelps rendered ineffective assistance in not moving for a competency evaluation prior to his plea. Although petitioner did not directly raise this claim in his motion to withdraw, in denying the motion to withdraw plea, the Court nonetheless

---

[5] Doc. 65 at 5, *citing United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005).

[6] (Doc. 65 at 5.)

[7] 466 U.S. 668 (1984).

5

analyzed petitioner's competency. Indeed, in denying the motion to withdraw, the Court necessarily, and expressly determined that the plea was knowing and voluntary, and that petitioner was competent to enter into the plea. This is one of the factors the court must consider in a motion to withdraw plea under Rule 11(d)(2)(B).[8] The Court heard evidence at the hearing on the motion to withdraw as to why Mr. Phelps filed the notice of insanity defense. The Court heard evidence that Mr. Phelps and petitioner had discussed withdrawing the notice of insanity defense at the plea hearing. The Court heard evidence that petitioner did not want a competency evaluation; he did not want to be sent to a facility for a psychological evaluation. And, the Court heard evidence that Mr. Phelps and the petitioner had discussed their intention to seek a downward departure or variance from the sentencing guidelines, on the basis of diminished capacity.

But most importantly, at the plea hearing, Mr. Phelps moved into admission, as Appendix A to the plea petition, numerous mental health records for petitioner, claiming these records "bear[] directly on his competency to enter a plea."[9] The Court thus considered defendant's mental health records as evidence at the plea hearing in determining that petitioner was competent to enter the plea. And, in denying the motion to withdraw plea, the Court again considered the evidence from the plea hearing, in determining that Mr. Phelps did not render ineffective assistance in filing the notice of insanity. For the same reasons now, and based on the same evidence, the Court concludes that Mr. Phelps did not render ineffective assistance in not filing a motion for competency evaluation. Based on the evidence and the record, at the plea

---

[8] *Yazzie*, 407 F.3d at 1142.

[9] (Doc. 65 at 9.)

hearing and the motion to withdraw hearing, petitioner was competent, and Mr. Phelps did not render ineffective assistance in failing to move for a competency evaluation.

**B. Ineffective Assistance Claims against Ms. Huff**

Petitioner claims that Ms. Huff rendered ineffective assistance of counsel at sentencing in failing to raise two objections to the PSR. He contends that Ms. Huff should have objected to the PSR's inclusion of his 1987 conviction for "Stealing by Deceit" in his criminal history score pursuant to U.S.S.G. § 4A1.1(a) and § 4A1.2(e); and should have objected to the PSR adding two points under U.S.S.G. § 4A1.1(d) for having committed the instance offense while on probation for another offense. The government contends that petitioner waived his right to collaterally attack his sentence under § 2255 by the terms of his plea agreement. The Court agrees and thus denies the motion for § 2255 as it relates to the ineffective assistance claims against Ms. Huff.

The Court will hold a defendant and the government to the terms of a lawful plea agreement made knowingly and voluntarily.[10] Therefore, a knowing and voluntary waiver in a plea agreement of the right to collaterally attack a sentence under § 2255 is generally enforceable.[11] The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived

---

[10]*United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc) (per curiam); *see also United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

[11]*United States v. Cockerham*, 237 F.3d 1179, 1181-83 (10th Cir. 2001) (citing several cases coming to the same conclusion).

his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice.[12]

**1. Scope of the Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement.[13] The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant.[14] Petitioner entered into a plea agreement with a provision waiving his right to collaterally attack his sentence. The waiver in the agreement stated,

> **Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from his waiver and may appeal the sentence received as

---

[12] *Hahn*, 359 F.3d at 1325.

[13] *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

[14] *Hahn*, 359 F.3d at 1328.

authorized by Title 18, U.S.C. § 3742(a).[15]

By the clear and express language of his plea agreement, petitioner waived the right to appeal or collaterally attack "a sentence imposed which is within the guideline range determined appropriate by the court." In this case, the Court imposed a sentence below the appropriately determined guideline range, granting petitioner's motion for downward departure and variance. Thus, the sentence is within the scope of the waiver and petitioner has no right to collaterally attack the sentence by virtue of the terms of the plea agreement.

And, although the plea agreement carves out an exception to the waiver, pursuant to *United States v. Cockerham*,[16] this exception is limited to claims of ineffective assistance of counsel that challenge "the validity of the plea or the waiver."[17] Petitioner did not specifically challenge the validity of the waiver, but did challenge the validity of the plea in the context of claiming that Mr. Phelps misrepresented what sentence he would receive and failed to move for a competency evaluation. As discussed above, this Court found that the petitioner entered the plea knowingly, voluntarily and competently. The *Cockerham* exception does not relate at all to petitioner's claims that Ms. Huff rendered ineffective assistance of counsel at sentencing.

**2. Knowing and Voluntary Waiver**

The Court, in addressing the enforceability of the waiver provision in the plea agreement, must also determine whether the defendant knowingly and voluntarily waived his rights. A waiver is enforceable when said waiver is explicitly stated in the plea agreement, and when the

---

[15](Doc. 38 at 9.)

[16]237 F.3d 1179 (10th Cir. 2001).

[17]*Id*. at 1187.

9

plea and waiver are both made knowingly and voluntarily.[18] When determining whether a waiver of appellate rights was knowing and voluntary, the court must examine the specific language of the plea agreement and assess the adequacy of the Rule 11 colloquy.[19] As the Court has discussed above, petitioner entered into the plea and plea agreement, knowingly, voluntarily and with the requisite mental competency. Again, the Court incorporates by reference its findings and conclusions in its March 31, 2009 Memorandum and Order. Furthermore, at the plea hearing, the Court pointed out the waiver provision to petitioner and explained that, by entering his plea agreement, he would be "giving up your right to appeal from the investigation, conviction, prosecution, and sentence in this case." Petitioner responded that he understood.[20] Petitioner's waiver, therefore, was also knowing and voluntary.

### 3. Miscarriage of Justice

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of justice."[21] This test is met only if: (1) the district court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.[22] The defendant bears the burden of demonstrating that his waiver meets one of the above requirements and thus qualifies as a

---

[18]*Id.* at 1183.

[19]*Hahn*, 359 F.3d at 1325.

[20](Doc. 62 at 10–11.)

[21]*Hahn*, 359 F.3d at 1327.

[22]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

miscarriage of justice.[23]  "The miscarriage-of-justice exception looks to whether 'the *waiver* is otherwise unlawful,' not whether some other aspect of the proceeding may have involved legal error."[24]

Here, petitioner's sentence does not exceed the statutory maximum, in fact his sentence was 36 months less than the low end of the advisory Sentencing Guideline range.  There is no evidence of an error seriously affecting the judicial proceedings, nor is there any evidence that the district court relied on any impermissible factor.  In fact, petitioner's plea agreement, which he signed freely and voluntarily,[25] states: "The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty."[26]  Finally, petitioner does not assert that he received ineffective assistance of counsel in conjunction with the negotiation of the waiver.  Rather, he challenges the validity of the plea on other bases, as addressed above.  Because there is no basis for his claims of ineffective assistance concerning the plea agreement and entry of the plea, and because the Court has concluded that his plea was knowing, voluntary,

---

[23]*Id.* at 957.

[24]*United States v. Dillon*, 305 F. App'x 502, 505 (10th Cir. 2008) (emphasis in original) (holding that the miscarriage-of-justice exception did not apply to an alleged misapplication of the sentencing guidelines because this claim "only concerns the correctness of his sentence and amount of restitution imposed.  [Defendant] has not asserted any claim regarding the relevant issue of whether the appeal waiver itself was unlawful."); *see also United States v. Cooper*, 389 F. App'x 842, 844 (10th Cir. 2010) ("This court has repeatedly held, however, that alleged sentencing errors do not establish that enforcement of the appeal waiver would be unlawful under the miscarriage-of-justice inquiry."); *United States v. Vazquez-Martinez*, 306 F. App'x 434, 436 (10th Cir. 2009) ("Defendant's argument that his appeal waiver should be excused due to alleged errors in the relevant conduct findings does not support the miscarriage-of-justice exception because his claim only concerns the correctness of his sentence.  Because defendant has not asserted any claim regarding the relevant issue of whether the appeal waiver itself was unlawful, defendant has not shown that enforcement of the waiver would seriously affect the fairness, integrity, or public reputation of the judicial proceedings.") (citation omitted).

[25](Doc. 38 at 17–18.)

[26]*Id.* at 15.

and that petitioner had the requisite mental competence, there is no miscarriage of justice, the waiver is enforceable, and the Court in fact enforces the waiver.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 96) is **DENIED**:

**IT IS FURTHER ORDERED** that, to the extent the government has asked the Court enforce the plea agreement (Doc. 101), such request is **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 31, 2011

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE