hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 07-40048-01-JAR |
| ) | 10-4022-JAR |
| **ANDRE GRAHAM,** ) | |
| ) | |
| **Petitioner.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

On January 31, 2011, this Court issued a Memorandum and Order denying petitioner Andre Graham's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[1] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[2] Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[3] "This threshold inquiry does not require full consideration of

---

[1] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[2] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).

[3] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (internal quotation marks omitted).

the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[4]

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[5] However, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."[6]

For the reasons detailed in the Court's January 31, 2011 Memorandum and Order (Doc. 103), petitioner has not made a substantial showing of the denial of a constitutional right, or that a reasonable jurist would find the Court's procedural ruling in this matter debatable. Thus, the Court denies a COA as to its ruling denying petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 96).

**IT IS THEREFORE ORDERED BY THE COURT** that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 is **DENIED.**

**IT IS SO ORDERED.**

Dated: February 2, 2011

S/ Julie A. Robinson

---

[4]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

[5]*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[6]*Id.*

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE