hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| ANDRE GRAHAM, | ) ) ) | |
| Petitioner. | ) ) | |
| v. | ) ) | Case No. 07-40048-01-JAR |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

This action has been dismissed and all relief denied. The Court issued a Memorandum and Order on January 31, 2011, denying petitioner Andre Graham's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. On February 2, 2011, the Court issued a second Memorandum and Order denying petitioner a certificate of appealability ("COA"). Now before this Court is petitioner's Notice of Appeal and Request for Certificate of Appealability (Doc. 106), and Motion to Proceed In Forma Pauperis (Doc. 107).

With regard to the request for COA, the Court incorporates its previous findings and for the same reasons denies petitioner's motion for COA.

Petitioner has also filed a motion captioned "Appellant's Motion to Proceed In Forma Pauperis." He states that he was previously found financially unable to obtain adequate defense and was appointed counsel to represent him in the underlying criminal case. He argues that he should be allowed to proceed *in forma pauperis* on appeal without a redetermination of indigence. Petitioner apparently intends for this motion to serve as a motion to proceed *in forma pauperis* on appeal.

To obtain *in forma pauperis* status, a petitioner must show "a financial inability to pay the required fees" and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."[1] Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides in pertinent part:

> **Prior Approval.** A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis . . .

Although petitioner originally retained counsel in the underlying criminal matter, he was appointed counsel prior to his sentencing. Accordingly, the Court finds that petitioner is allowed to proceed *in forma pauperis* on appeal.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Request for Certificate of Appealability (Doc. 106) is **DENIED**; and petitioner's Motion to Proceed In Forma Pauperis (Doc. 107) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 15, 2011

 S/ Julie A. Robinson
 JULIE A. ROBINSON
 UNITED STATES DISTRICT JUDGE

---

[1] *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir.1991)) (internal quotation marks omitted).