# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Respondent/Plaintiff, | ) | |
| v. | ) | Case No. 07-40048-JAR |
| | ) | 10-4022-JAR |
| ANDRE GRAHAM, | ) | |
| Movant/Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Andre Graham's Rule 60(b)(6) Motion for Relief from a Judgment or Order (Doc. 121), filed December 10, 2012, and Movant's Motion to Amend (Doc. 122), filed January 17, 2013. The Government has responded to Movant's motion for relief (Doc. 128). Movant filed a reply (Doc. 129) and a Motion for Joinder (Doc. 124) seeking to supplement his Motion to Amend. Movant has also filed a Motion for Abeyance (127), asking the Court to consider his Rule 60(b)(6) motion before addressing his Motion to Amend. After a careful review of the record and the arguments presented, the Court grants Movant's joinder and abeyance motions, but construes Movant's Rule 60(b)(6) motion and Motion to Amend as second or successive § 2255 petitions and dismisses them for lack of jurisdiction.

## I. Background

On June 2, 2008, Movant pled guilty to violating 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine hydrochloride, and 18 U.S.C. § 924(c)(1)(A), possession of a firearm

during and in relation to a drug trafficking crime.[1] In accepting his plea to these counts, this Court engaged Movant in a lengthy plea colloquy, ultimately concluding that he was mentally competent to enter his plea.[2]

On February 17, 2009, Movant filed a motion to withdraw his plea, claiming his counsel "misinformed him as to the possible sentence for his plea."[3] The Court conducted an evidentiary hearing on March 2, 2009.[4] At no point during the hearing did Movant claim he was mentally incompetent to enter a plea. The Court denied Movant's motion in a March 31, 2009, Memorandum and Order.[5] On May 4, 2009, this Court sentenced Movant to 144 months' custody.[6] Movant appealed this judgment to the United States Court of Appeals for the Tenth Circuit, but later voluntarily dismissed that appeal.

On February 26, 2010, Movant filed a 28 U.S.C. § 2255 petition seeking to set aside his conviction.[7] He claimed his counsel ineffectively (1) failed to object to inclusion of a 1987 conviction in his criminal history score; (2) failed to object to paragraph 48 of the PSR; (3) advised him that he would only face a sentence of 77 months; and (4) failed to move this Court for a psychiatric examination based upon his mental disabilities, which he asserted had precluded

---

[1] Docs. 38, 62.

[2] Doc. 62.

[3] Doc. 55 at 2.

[4] Doc. 86.

[5] Doc. 65.

[6] Doc. 75.

[7] Doc. 96.

him from understanding the nature and consequences of the proceedings against him.[8] This Court denied Movant's § 2255 Petition on January 31, 2011.[9] Movant sought a Certificate of Appealability from the Tenth Circuit, which denied his request.[10] Movant sought a writ of certiorari from the Supreme Court, which denied his request.[11]

**II. Analysis**

Movant's Rule 60(b)(6) motion challenges this Court's ruling denying his initial § 2255 petition. Rule 60(b)(6) gives this Court discretion to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." But before addressing the Motion for Relief, this Court must determine whether the motion is a "true" Rule 60(b)(6) motion or actually a second or successive § 2255 petition, which would require prior authorization from the Tenth Circuit, under 28 U.S.C. § 2255(h). Although the Government suggests that this motion is a true Rule 60(b)(6) motion, the Court must conduct its own independent analysis. In the Tenth Circuit,

> a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.[12]

---

[8] Doc. 97.

[9] Doc. 103.

[10] Doc. 112.

[11] Docs. 115, 116, 117.

[12] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (internal citations omitted).

3

The Supreme Court addressed a similar issue in *Gonzalez v. Crosby*,[13] and the Tenth Circuit has held that the reasoning in that case also applies to motions filed after denial of a § 2255 application.[14] In *Gonzalez*, the Supreme Court noted that a motion filed after a denial of a habeas claim should be treated as a second or successive petition "if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."[15] The Court clarified that "on the merits" means

> a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief . . . . When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error.[16]

In sum, then, when a movant seeks Rule 60(b)(6) relief asserting that a court addressed his prior claim but did so incorrectly, he is actually making a second or successive habeas application, and the filing must be treated accordingly.

In this case, Movant makes four claims, Arguments A, B, C, and D. In Argument A, he claims that "the district court did not include the examination of his Veterans Administration Hospital Mental Health Records (Doc. No. 39, Exh. A) when making its decision to deny his

---

[13] 545 U.S. 524 (2005).

[14] *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006).

[15] 545 U.S. at 532 (footnote omitted).

[16] *Id.* n.4.

4

§ 2255 motion."[17] Arguments B and D are derivative of this initial argument, and Argument C asserts that his Rule 60(b)(6) motion is not barred by the waiver provision in the Plea Agreement because "this issue concerns the 'knowing and voluntary' aspect of the trial proceedings" and thus falls outside the scope of the waiver. Substantively, then, this motion turns on the Court's resolution of Movant's Argument A.

In Argument A, Movant asserts that the Court's alleged failure to consider the records amounts to "a procedural default which caused the Court to violate defendant's substantial right whereas defendant was not afforded Due Process as outlined in the Fifth Amendment of the United States Constitution."[18] Similarly, in Argument D, Movant asserts that the Court's alleged failure "to thoroughly examine and consider all evidence when a defendant presents allegations of a violation of his Constitutional Rights [is] a defect in the integrity of the federal habeas proceedings."[19] But, in spite of Movant's use of language that suggests this is a true Rule 60(b)(6) motion, Movant is simply challenging the Court's resolution of his earlier claim. Movant does not argue that the Court failed to consider his argument entirely, but rather that the Court ignored some evidence supporting his argument. This amounts to a merits-based attack on the disposition of Movant's prior habeas petition, in that the challenge itself leads inextricably to the merits of the disposition of the prior habeas petition. In substance, if not in form, this filing is a second or successive habeas application.

Even if the Court were to treat this as a true 60(b) motion, the Court's prior order

---

[17]Doc. 121, at 4.

[18]*Id.* at 5.

[19]*Id.* at 11.

addressing Movant's § 2255 record is clear; the Court considered Movant's mental health records:

> Mr. Phelps moved into admission, as Appendix A to the plea petition, numerous mental health records for petitioner, claiming these records "bear[] directly on his competency to enter a plea." The Court thus considered the defendant's mental health records as evidence at the plea hearing in determining that petitioner was competent to enter the plea. And in denying the motion to withdraw plea, the Court again considered the evidence from the plea hearing, in determining that Mr. Phelps did not render ineffective assistance in filing the notice of insanity. For the same reasons now, and based on the same evidence, the Court concludes that Mr. Phelps did not render ineffective assistance in not filing a motion for competency evaluation. Based on the evidence and the record, at the plea hearing and the motion to withdraw hearing, petitioner was competent, and Mr. Phelps did not render ineffective assistance in failing to move for a competency evaluation.[20]

Nevertheless, the Court must treat this filing as a second or successive habeas application, not an unsuccessful Rule 60(b)(6) motion. Because this second or successive claim under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court must determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[21] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."[22]

The phrase "if it is in the interest of justice" grants the district court the discretion to

---

[20] Doc. 103, at 6–7 (footnote omitted).

[21] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[22] *Id.*

decide whether to transfer an action or, instead, to dismiss the action.[23] Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would have been time-barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[24] Further, a prisoner who wishes to file a successive § 2255 petition has the burden of showing that he satisfies one of the two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[25] Here, Movant's petition does not meet either of the two conditions required for a successive § 2255 petition; it does not allege any newly discovered evidence and argues no new rule of constitutional law. The Court concludes it is not in the interest of justice to transfer the matter to the Tenth Circuit and so dismisses Movant's second § 2255 petition for lack of jurisdiction.

The Court must also review Movant's Motion to Amend. The Court will grant Movant's Motion for Joinder (Doc. 124), revised to a motion to supplement (Doc. 127), and thus will treat Movant's Motion for Joinder (Doc. 124), as a supplemental pleading to Movant's Motion to Amend (Doc. 122). The Court is also granting Movant's Motion for Abeyance (Doc. 127), in

---

[23]*Id*. at 1252-53.

[24]*Id*. at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

[25]*United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

that the Court did not consider Movant's Motion to Amend until after the Court decided Movant's Rule 60(b)(6) motion. But, because this Court has decided not to reopen the judgment on the initial § 2255 determination by granting of the Rule 60(b)motion, this Court lacks jurisdiction to allow Movant to amend the initial § 2255 petition, even if it were so inclined. Movant is precluded from amending his § 2255 petition, so this Court must treat his motion to amend as a second or successive § 2255 petition.[26] For a successive § 2255 petition filed without the requisite authorization from the Tenth Circuit, the Court must determine whether it is in the interest of justice to transfer this third § 2255 petition to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[27] As noted above, a successive § 2255 petition must allege newly discovered evidence or argue a new rule of constitutional law; this petition does neither, and so the Court concludes it is not in the interest of justice to transfer the matter to the Tenth Circuit for authorization. Movant's third § 2255 petition is dismissed for lack of jurisdiction.

## III. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[28] A petitioner may satisfy his

---

[26] *See Nelson*, 465 F.3d at 1149; *United States v. Romero*, 12 F. App'x 751, 754 (10th Cir. 2001) (citing *Espinoza-Saenz*, 235 F.3d at 503).

[27] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[28] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[29] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[30] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[31] For the reasons detailed in this Memorandum and Order, Movant has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing his Rule 60(b)(6) motion for lack of jurisdiction and dismissing his motion to amend his original § 2255 petition for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Movant's Rule 60(b)(6) Motion for Relief from a Judgment or Order (Doc. 121), which the Court construes as a second or successive petition under 28 U.S.C. § 2255, is DISMISSED for lack of jurisdiction; Movant is also denied a COA on this ruling.

**IT IS FURTHER ORDERED** that Motion for Joinder (Doc. 124) and Motion for Abeyance (127) are GRANTED.

**IT IS FURTHER ORDERED** that Movant's Motion to Amend (Doc. 122), which the Court construes as a second or successive petition under 28 U.S.C. § 2255; Movant is also denied a COA on this ruling.

**IT IS SO ORDERED.**

---

[29]*Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[30]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[31]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

9

Dated: June 12, 2013

                                          S/ Julie A. Robinson

                                          JULIE A. ROBINSON

                                          UNITED STATES DISTRICT JUDGE