IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Respondent/Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 07-40048-JAR |
|  | ) | 10-4022-JAR |
| ANDRE GRAHAM, | ) |  |
|  | ) |  |
| Movant/Defendant. | ) |  |
|  | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Andre Graham's Motion for Copy of Search Warrant (Doc. 130) and Movant's Motion for Free Transcripts (Doc. 131), both filed May 31, 2013. When Movant filed these motions, Defendant had a Rule 60(b)(6) motion and a motion to amend, which the Court construed as second or successive § 2255 petitions, pending before the Court. The Court has since denied the Rule 60(b)(6) motion and the motion to amend, and the Court now denies the search warrant and transcript requests, as detailed below.

**I.   Background**

On June 2, 2008, Movant pled guilty to violating 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine hydrochloride, and 18 U.S.C. § 924(c)(1)(A), possession of a firearm during and in relation to a drug trafficking crime.[1] In accepting his plea to these counts, this Court engaged Movant in a lengthy plea colloquy, ultimately concluding that he was mentally competent to enter his plea.[2]

---

[1] Docs. 38, 62.

[2] Doc. 62.

On February 17, 2009, Movant filed a motion to withdraw his plea, claiming his counsel "misinformed him as to the possible sentence for his plea."[3] The Court conducted an evidentiary hearing on March 2, 2009.[4] At no point during the hearing did Movant claim he was mentally incompetent to enter a plea. The Court denied Movant's motion in a March 31, 2009, Memorandum and Order.[5] On May 4, 2009, this Court sentenced Movant to 144 months' custody.[6] Movant appealed this judgment to the United States Court of Appeals for the Tenth Circuit, but later voluntarily dismissed that appeal.

On February 26, 2010, Movant filed a 28 U.S.C. § 2255 petition seeking to set aside his conviction.[7] He claimed his counsel ineffectively (1) failed to object to inclusion of a 1987 conviction in his criminal history score; (2) failed to object to paragraph 48 of the PSR; (3) advised him that he would only face a sentence of 77 months; and (4) failed to move this Court for a psychiatric examination based upon his mental disabilities, which he asserted had precluded him from understanding the nature and consequences of the proceedings against him.[8] This Court denied Movant's § 2255 Petition on January 31, 2011.[9] Movant sought a Certificate of Appealability from the Tenth Circuit, which denied his request.[10] Movant sought a writ of

---

[3]Doc. 55 at 2.

[4]Doc. 86.

[5]Doc. 65.

[6]Doc. 75.

[7]Doc. 96.

[8]Doc. 97.

[9]Doc. 103.

[10]Doc. 112.

certiorari from the Supreme Court, which denied his request.[11]

Movant next filed a Rule 60(b)(6) motion and a motion to amend his original § 2255 petition, both of which the Court construed as second or successive § 2255 petitions. Because both successive § 2255 petitions were filed without the requisite authorization from the Tenth Circuit, the Court had to determine whether it was in the interest of justice to transfer them to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petitions for lack of jurisdiction.[12] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."[13] Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would have been time-barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[14] Further, a prisoner who wishes to file a successive § 2255 petition has the burden of showing that he satisfies one of the two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on

---

[11] Docs. 115, 116, 117.

[12] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[13] *Id.*

[14] *Id.* at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

collateral review by the Supreme Court, that was previously unavailable.[15] The Court determined that neither of Movant's petitions met either of the two conditions required for a successive § 2255 petition. As a result, the Court concluded it was not in the interest of justice to transfer the matter to the Tenth Circuit and so dismissed Movant's second and third § 2255 petitions for lack of jurisdiction. Because the motions now before the Court were filed when Movant's second and third § 2255 petitions were pending, the Court will not deny them based on the lack of a current habeas petition.[16]

## II. Analysis

An indigent prisoners may seek free transcripts under 28 U.S.C. § 753(f),[17] but "only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit."[18] And under 28 U.S.C. § 2250, an indigent petitioner is entitled to free copies of documents or parts of the record, but only if he can "first demonstrate that [her] claim is not frivolous and that the transcript is needed to decide the issue presented by the suit."[19] The bare motion seeking transcripts does not show that the transcripts were necessary to decide the issues raised in Movant's second and third § 2255 petitions. Indeed, because the motions did not allege either the existence of newly discovered evidence or the existence of a new rule of

---

[15]*United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

[16]*United States v. Lewis*, 37 F.3d 1510, 1994 WL 563442, *1 (10th Cir. Oct. 14, 1994) (citing 28 U.S.C. § 2250; *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278–79 (5th Cir. 1970)).

[17]*See Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir. 1993).

[18]*Id.* at 259.

[19]*Brown v. New Mexico Dist. Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 (10th Cir. Mar. 19, 1998) (citing *United States v. MacCollum*, 426 U.S. 317 (1976)); *see Nortonsen v. Larimer Cnty. Dist. Court*, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006) (holding that post-conviction prisoners do not have an automatic right to free copies of court documents and concluding that they must first demonstrate a non-frivolous claim).

constitutional law, the transcripts were irrelevant to the Court's decision. Because the transcripts were not necessary, the Court denies Defendant's request.

When a habeas petitioner seeks discovery, as in Movant's request for the search warrant, a movant must show "good cause" by providing the court with "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief."[20] As noted, neither of Movant's petitions met either of the two conditions required for a successive § 2255 petition, so there is no reason to believe that Movant could have demonstrated he was entitled to relief with additional discovery. Thus, the Court denies Movant's request for the search warrant.

If the Defendant requests, however, he can obtain copies of the record at his own expense. For example, the Clerk of the Court will make copies of specifically requested documents in exchange for a fee of 10 cents per page. The Court directs the Clerk of the Court to send the docket sheet along with this Order to Defendant. Defendant may request any unsealed document filed in this matter and is directed to send any such request, along with the requisite fee, to the Clerk of the Court.

Additionally, if Defendant files another habeas petition and then specifically requests a free copy of documents, indicating with particularity how each will aid him in furtherance of his motion, the Court would reconsider his requests at that time.

**IT IS THEREFORE ORDERED BY THE COURT** that Movant's Motion for Copy of Search Warrant (Doc. 130) and Movant's Motion for Free Transcripts (Doc. 131) are **DENIED.**

**IT IS SO ORDERED.**

---

[20]*Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997).

Dated: June 24, 2013

                                                  S/ Julie A. Robinson

                                                  JULIE A. ROBINSON

                                                  UNITED STATES DISTRICT JUDGE