# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>        Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>ANDRE GRAHAM, )<br>)<br>        Defendant/Movant. )<br>) | Case No. 07-40048-JAR<br>Case No. 10-4022-JAR |

## MEMORANDUM AND ORDER

This matter comes before the Court on Movant Andre Graham's "Motion Pursuant to Fed R. Civ. P. 60(d)(3) [to] Set Aside a Judgement [sic] for Fraud on the Court" (Doc. 150) and Motion for free copies of various items of evidence sought in connection with that motion (Doc. 151). After a careful review of the record and arguments presented, the Court construes Movant's Rule 60(d)(3) Motion as a successive petition under 28 U.S.C. § 2255 and dismisses it for lack of jurisdiction.

**I.    Background**

On June 2, 2008, Movant pled guilty to violating 21 U.S.C. § 841(a)(1), intent with possession to distribute cocaine hydrochloride, and 18 U.S.C. § 824(c)(1)(A), possession of a firearm during and in relation to a drug trafficking crime.[1] On February 17, 2009, Movant filed a motion to withdraw his plea, which was denied by the Court.[2] Subsequently, Movant was

---

[1] Docs. 38, 62.

[2] Doc. 65.

sentenced to 144 months' custody on May 4, 2009.[3]

On February 26, 2010, Movant filed a 28 U.S.C. §2255 petition, seeking to set aside his conviction based upon several claims of ineffective counsel.[4] The Court denied Movant's petition on January 31, 2011.[5] Movant then sought a Certificate of Appealability from the Tenth Circuit, which denied the request. Movant also sought a writ of certiorari from the United States Supreme Court, which also denied his request.[6]

Movant then submitted a Rule 60(b)(6) motion to this Court, challenging this Court's ruling on his § 2255 petition.[7] Movant contested the Court's ruling as incorrect and, as such, the Court construed his motion as a secondary, or successive, § 2255 petition, and likewise dismissed the motion for lack of jurisdiction.[8] As before, Movant appealed to the Tenth Circuit seeking a Certificate of Appealability.[9] Once again, the Tenth Circuit affirmed this Court's ruling, finding that Movant's Rule 60(b)(6) motion was simply a successive habeas petition that had already been previously denied.[10] Therefore, the Tenth Circuit denied Movant's request for a Certificate of Appealability.[11]

---

[3]Doc. 75.

[4]Doc. 96.

[5]Doc. 103.

[6]Docs. 112, 115, 116, 117.

[7]Doc. 121.

[8]Doc. 132.

[9]*United States v. Graham*, No. 13-3165, 2013 WL 4734391 (10th Cir. 2013).

[10]*Id.* at *2.

[11]*Id.*

In the instant matter, Movant has filed a new Rule 60 motion, alleging "fraud upon the court" and citing Rule 60(d)(3) and *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*[12]

## II. Discussion

Rule 60(d)(3) permits a court to set aside a prior judgment due to "fraud on the court."[13] However, "[a] prisoner's post-judgment motion is treated like a second-or-successive § 2255—and is therefore subject to the authorization requirements of §2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction."[14] Thus, the Court must determine whether the motion is a "true" Rule 60(d)(3) motion or actually a successive § 2255 petition, which would require prior authorization by the Tenth Circuit.[15]

The Tenth Circuit recently addressed a similar issue in *United States v. Baker*, where the court held that the certification requirements of § 2255(h) could not be circumvented by bringing a 60(d)(3) motion when the claims are in regards to the petitioner's conviction.[16] As in this case, the petitioner in *Baker* relied upon *Hazel-Atlas Glass*, where the United States Supreme Court held that a federal court possesses inherent power to vacate a judgment obtained by fraud on the court.[17] The court held, however, that the fact that the petitioner labeled his motion as one brought under *Hazel-Atlas* and Rule 60(d)(3) did not change the analysis used to determine if his pleading is an unauthorized second or successive § 2255 motion, and that, "[i]t is the relief

---

[12] 322 U.S. 238 (1944).

[13] Fed. R. Civ. P. 60(d)(3).

[14] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (emphasis added).

[15] 28 U.S. C. § 2255(h).

[16] *Baker*, 718 F.3d at 1206.

[17] 322 U.S. 238, 248-49 (1944).

sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion."[18] The court went on to explain that a motion alleging fraud on the court in a federal habeas proceeding constitutes a true Rule 60(b) motion, while a motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second or successive collateral attack "because it asserts or reasserts a challenge to the defendant's underlying conviction."[19]

Although Movant has styled this Motion under Rule 60(d)(3) and *Hazel-Atlas*, his motion cannot be construed as anything but a successive § 2255 petition. Movant's motion clearly tries to raise new grounds, based upon claims of error, for setting aside his underlying conviction. Specifically, Movant argues that the prosecutor and/or his agents, ATF Agent Stuckey and the confidential informant, fabricated evidence and used perjured testimony to procure the search warrant and indictment in his case. These documents and testimony, Movant urges, were relied upon by this Court in both the acceptance of his guilty plea and sentencing, in violation of his Fifth Amendment rights. Like the petitioner in *Baker*, Movant is merely asserting a new attack on his underlying criminal proceeding, which qualifies as a successive § 2255 petition.[20]

Because this successive claim under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court should determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[21] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious

---

[18]*Baker*, 718 F.3d at 1207 (quoting *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006)).

[19]*Id*. (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006)).

[20]*Id*. at 1208; *United States v. Peach*, —F. App'x—, 2013 WL 5495917, at *1 (10th Cir. Oct. 4, 2013).

[21]*See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

4

successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."[22]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.[23] Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[24] A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of the two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[25]

Here, Movant's motion does not meet either of the two conditions required for a successive § 2255 petition; it does not allege any newly discovered evidence and argues no new

---

[22]*Id.*

[23]*Id*. at 1252–53.

[24]*Id*. at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

[25]*United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

5

rule of constitutional law. Thus, the Court concludes that it is not in the interest of justice to transfer the matter to the Tenth Circuit and so dismisses Movant's successive § 2255 claim for lack of jurisdiction.

## III. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[26] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[27] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[28] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[29] For the reasons detailed in this Memorandum and Order, Movant has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing his Rule 60(d)(3)) motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Movant's Motion Pursuant to Fed. R. Civ. P. 60(d)(3) to Set Aside Judgment for Fraud on the Court (Doc. 150), which the

---

[26]28 U.S.C. § 2253(c)(2). The denial of a § 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[27]*Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[28]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[29]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

6

Court construes as a successive petition under 28 U.S.C. § 2255, is DISMISSED for lack of jurisdiction; Movant is also denied a COA on this ruling.

**IT IS FURTHER ORDERED** Movant's Motion for free copies of various items of evidence sought in connection with his Motion to Set Aside Judgment (Doc. 151) is DENIED as moot.

**IT IS SO ORDERED**.

Dated: November 8, 2013

                                           S/ Julie A. Robinson

                                           JULIE A. ROBINSON

                                           UNITED STATES DISTRICT JUDGE