# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Respondent,** | ) | |
| | ) | **Case No. 07-40048-JAR** |
| **v.** | ) | **Case No. 10-4022-JAR** |
| | ) | |
| **ANDRE GRAHAM,** | ) | |
| | ) | |
| **Defendant/Movant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER
## DENYING MOTION FOR RECONSIDERATION

On November 8, 2013, the Court construed Defendant Andre Graham's Motion filed under Fed. R. Civ. P. 60(d)(3) as a successive petition under 28 U.S.C. § 2255 and dismissed it for lack of jurisdiction (Doc. 152). The Court also denied as moot Defendant's Motion for copies of various items of evidence sought in connection with his motion. This matter is before the Court on Defendant's Motion for Reconsideration and to Vacate the Court's Order (Doc. 155). For the reasons explained below, Defendant's motion is denied.

As the Tenth Circuit noted in *Hawkins v. Evans*,[1] the Federal Rules of Civil Procedure do not recognize a motion to reconsider, so such motions are construed as a Rule 59(e) motion to alter or amend if the motion is filed within twenty-eight days of the entry of judgment;[2] if the motion is filed more than twenty-eight days after entry of judgment, it is construed as a Rule 60(b) motion for relief from judgment. In this case, Defendant's request was filed within

---

[1] 64 F.3d 543, 546 (10th Cir. 1995).

[2] *See* Fed. R. Civ. P. 59(e) (stating a motion to alter or amend judgment must be filed no later than 28 days after entry of the judgment).

fourteen days of the Court's order. A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[3] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4]

Defendant does not directly challenge the Court's ruling dismissing his § 2255 motion as an unauthorized § 2255 motion. Instead, he argues that the Court erred by not allowing him the records requested to enable him to prepare his Rule 60(d)(3) motion. Defendant requested free of charge copies of the search warrant issued for his residence, his grand jury transcript and the Government's audio/video evidence used against him, all of which are sealed.

The exclusive provision governing requests by indigent prisoners for free transcripts is 28 U.S.C. § 753(f).[5] "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcripts in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit."[6] In any other appeal, the defendant must show that the appeal presents a substantial question before a free transcript is available.[7] "Moreover, a habeas corpus petition

---

[3] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[4] *Servants*, 204 F.3d at 1012.

[5] *See Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir. 1993).

[6] *Id.* at 259.

[7] 28 U.S.C. § 753(f).

must be filed to trigger the statute that explicitly grants indigent habeas corpus petitioners 'documents' or 'parts of the record' without cost."[8] Under 28 U.S.C. § 2250, an indigent petitioner may obtain "documents or 'parts of the record" without cost if he has been granted leave to proceed *in forma pauperis* on his application for habeas corpus relief.[9]

Here, Defendant has not met the requirements of either § 753(f) for free transcripts or § 2250 for free documents or parts of the record because there is no pending request for relief; specifically, the Court has construed Defendant's Rule 60(d)(3) motion as a successive § 2255 motion, and Defendant has not requested or obtained authorization from the Tenth Circuit to file a second or successive request for habeas corpus relief, as required by 28 U.S.C. §§ 2255(h) and 2244(b)(3). Because Defendant's Rule 60(d)(3) motion was dismissed for lack of jurisdiction, the Court has no occasion to reach the merits of Defendant's claims. Thus, the Court denied his request for copies as moot.

In an apparent attempt to avoid this result, Defendant contends that he needed the requested documents in order to prepare his argument in support of his Rule 60(d)(3) motion, which he requested be "held in abeyance," and it was error for the Court to deny him this critical evidence. Even if the Court was able to consider Defendant's request for copies independent of a pending § 2255 motion, however, his argument is without merit.

Defendant's motion asks the Court to provide him with copies of sealed documents, including grand jury transcripts, and states that ATF Agent Stuckey and the confidential

---

[8]*United States v. Lewis*, 37 F.3d 1510, 1994 WL 563442, *1 (10th Cir. Oct. 14, 1994) (citing 28 U.S.C. § 2250; *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278–79 (5th Cir. 1970)).

[9]28 U.S.C. § 2250.

informant fabricated evidence against him. Under Fed. R. Crim. P. 6, a court may authorize disclosure of a grand jury transcript "preliminarily or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."[10] Secrecy is essential to the proper functioning of the grand jury system.[11] The Tenth Circuit has found a presumption against disclosure unless the moving party meets the test established in *Douglas Oil Co. v. Petrol Stops Nw.*[12] Most importantly, the moving party must demonstrate a particularized need for the disclosure.[13] The *Douglas Oil* factors require the moving party to show that "the material [he] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [his] request is structured to cover only material so needed."[14] Further, the court has great discretion in deciding whether or not to disclose grand jury transcripts.[15] Here, Defendant has failed to meet the high burden required to disclose the grand jury transcripts, as he has not demonstrated a particularized need. Defendant has also failed to demonstrate a particularized need with respect to the other sealed evidence. Accordingly, Defendant's assertions are insufficient to warrant relief from judgment pursuant to Rule 59(e), and his motion is denied.

---

[10]Fed. R. Crim. P. 6(e)(3)(E)(i)-(ii).

[11]*Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979).

[12]*In re Lynde*, 922 F.2d 1448, 1451-52 (10th Cir. 1991) (citing *Douglas Oil*, 441 U.S. at 211).

[13]*Id*. at 1452 (citations omitted).

[14]*Id*. (citing *Douglas Oil*, 442 U.S. at 222).

[15]*Douglas Oil*, 442 U.S. at 223 ("Moreover, we emphasize that a court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion.").

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reconsideration (Doc. 155) is **denied**.

**IT IS SO ORDERED.**

Dated: January 8, 2014

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE