## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 07-40048-JAR-01** |
| **ANDRE GRAHAM,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

On May 4, 2009, Defendant Andre Graham was sentenced to a 144-month term of imprisonment and a five-year term of supervised release for a drug trafficking offense. This matter is before the Court on his Motion to Terminate Defendant's Term of Supervised Release (Doc. 169). The Court has reviewed the motion and consulted with the United States Probation Officer assigned to supervise Defendant. For the reasons explained below, the Court denies Defendant's motion without prejudice.

### I.      Background

Defendant served in the military, where he received an honorable discharge and a severance based on a physical disability.[1] After his service in the Army, Defendant developed a drug addiction and mental health issues. Defendant was diagnosed with bipolar disorder in 2003. He has also been diagnosed with Post Traumatic Stress Disorder ("PTSD") after he was injured during a home invasion. He has two children and has struggled with homelessness.

---

[1] Doc. 169-1.

On June 2, 2008, Defendant pleaded guilty to one count of possession with intent to distribute cocaine hydrochloride and one count of possession of a firearm during and in relation to a drug trafficking crime.[2]  After this Court denied Defendant's motion to withdraw his plea, he was sentenced to a total term of 144-months' imprisonment, followed by a five-year term of supervised release.[3]  At the time of sentencing, Defendant had started services with the Department of Veterans Affairs ("VA") to manage his mental health issues.  He had a stable residence and was receiving disability payments for his mental health issues from the Social Security Administration.

While serving his custodial sentence, Defendant participated in and successfully completed, 33 different educational courses, attended group psychology sessions, and enrolled in and completed the Non-Residential Drug Abuse Program ("RDAP").[4]

On July 19, 2019, Defendant began serving his term of supervised release and has completed over 30 months of a 60-month term of supervised release.  Defendant is almost 60 years old and receives disability benefits, both from the Social Security Administration and the VA.[5]  He receives both medical and mental health services from the VA in Topeka, Kansas.

While on supervision, Defendant has maintained good standing with the United States Probation Office ("USPO"), with no issues of reporting and no violations of supervised release.  His Probation Officer notes that he communicates well with the USPO, has re-

---

[2] Docs. 38, 62.

[3] Docs. 65, 75.  Defendant was sentenced to 84 months and a three-year term of supervised release on Count 3, and a consecutive term of 60 months on Count 5, with a five-year term of supervised release.

[4] Doc. 169-2.

[5] Doc. 169-3.

engaged his relationship with his daughter and fought for partial custody.  Nevertheless, the USPO does not recommend Defendant receive early termination based on his violent criminal history.  The government takes no position on Defendant's motion, but indicates that it would support early termination after Defendant serves another year of his term of supervised release.

## II.    Discussion

Defendant seeks early termination of his five-year term of supervised release under 18 U.S.C. § 3583(e)(1), which authorizes the Court to terminate a defendant's term of supervised release "at any time after the expiration of one year of supervision" if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  In deciding whether to terminate a term of supervised release, § 3583(e) directs the Court to consider certain factors set forth in 18 U.S.C. § 3553(a).[6]  Whether to grant a motion to terminate a term of supervised release rests within the discretion of the Court.[7]

### A.    Section 3553(a) Factors

While the Court has the authority to terminate supervised release after one year, it must consider the factors set forth in § 3553(a) before ending supervision, which include: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) adequate deterrence; (3) protection of the public; (4) the need for effective education, training, care or treatment; (5) the sentencing guideline factors and range in effect at the time of sentencing; (6) pertinent Sentencing Commission policy statements; (7) the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and (8) the need to

---

[6] *See United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (citing 18 U.S.C. § 3583(e)(1)).

[7] *Rhodes v. Judisak*, 676 F.3d 931, 933 (10th Cir. 2011).

provide victim restitution.[8]  Section 3553(a) factors a reviewing court may *not* consider are "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense[,]" and "the kind of sentences available."[9] This is because supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)."[10]

### *History and Characteristics of Defendant*

The Court finds the history and characteristics of Defendant weigh against early termination of supervision.  He has been plagued with mental health issues, including PTSD, bipolar disorder, and schizoid personality disorder.  He has significant health problems, some of which stem from a close head injury he suffered in 2005 during a home invasion.  He has a lengthy history of criminal behavior, resulting in a criminal history score of V.  This violent criminal history includes robbery, aggravated robbery, and domestic battery.  Defendant threatened to kill victims at gunpoint and choked and slapped another victim.

### *Adequate Deterrence and Protecting the Public*

Looking at the second and third § 3553(a) factors, Defendant has served his custodial sentence and almost three years under supervision.  The severity of this punishment provides an adequate deterrent to others.  Regarding the need to protect the public from additional criminal conduct by Defendant, the length of time he has spent under supervision without infraction is relevant.  Since his release from prison in 2019, Defendant has complied with all terms of supervision and shown an ability to reintegrate himself into the community.  His terms

---

[8] 18 U.S.C. § 3583(3) (citing 18 U.S.C. § 3553(a) factors).

[9] *Id.*

[10] *Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011).

of supervised release included substance abuse treatment and participation in an approved program for mental health, including psychological counseling.  While he has successfully participate in these programs, the Court finds that while Defendant does not appear to present any threat of committing further crimes, adhering to the rules that are part of his supervised release for an additional period—mental health programs in particular—will provide him ongoing structure as he continues to adjust to life in the law-abiding community.  This factor weighs against early termination of supervised release.

### *Training or Correctional Treatment*

While Defendant successfully completed the RDAP program while in BOP custody, appears to have continuing mental health-related rehabilitative needs, as noted above.  This factor weighs against early termination.

### *Sentencing Guidelines and Policy Statements*

Defendant's mandatory term of supervised release for the Count 3 conviction is at least three years.[11]  For the firearm conviction in Count 5, the Guidelines term of supervised release is three to five years, to run concurrently to his other term of supervised release.[12]  These factors are neutral in the Court's analysis.

### *Sentencing Disparities and Restitution*

This factor has limited relevance.  There is no evidence that early termination of Defendant's term of supervised release is necessary to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.  Moreover, the "factor of avoiding unwarranted sentencing disparities . . . would generally

---

[11] 21 U.S.C. § 841(b)(1)(C).

[12] 18 U.S.C. § 3583(b)(1).

undermine the case specific inquiry in evaluating a motion for early termination of supervised release, such that this factor has limited utility in this context."[13]  Thus, this factor has little bearing on the overall § 3553(a) analysis.

*Restitution*

Defendant has no restitution obligations.

### B.    Consideration of the Interests of Justice

Having considered the § 3553(a) factors, the opinion of the USPO, and the position of the government, the Court is satisfied that continued supervision is in the interest of justice. While the Court commends Defendant for his adherence to the conditions of supervised release, his completion of drug abuse treatment, his continued treatment for mental health issues, his relationship with this daughter and concomitant child support obligations, and his commitment to success, it nevertheless finds that it is in both Defendant's best interest and the best interest of the community for him to continue to be supervised at this time.  Defendant's term of supervised release on Count 3 is a mandatory statutory term of at least three years.  It is therefore both reasonable and appropriate for Defendant to continue serving his three-year term.  This supervision should have no more than a minimal to moderate impact on his day-to-day life, with visits occurring infrequently.  However, since Defendant's consecutive term of supervised release on Count 5 is at the high end of the maximum five years, the Court encourages Defendant to continue on his path to successful reintegration and move for early termination a year from now, approximately seven months after his three-year term ends in July 2022, at which time the government and the USPO have indicated they will support his request.  Such early termination, while not as soon as Defendant requests, serves as positive

---

[13] *United States v. Harris*, 258 F. Supp. 3d 137, 145 (D.D.C. 2017).

incentive for Defendant and other defendants with negative criminal history to earn early discharge of supervision, serving the goal of deterrence under 18 U.S.C. § 3553(a)(2)(B) cited by Defendant.

For the foregoing reasons, the Court finds that continued supervision is both in Defendant's best interest and in the best interest of the community.  Defendant's motion for early termination of supervised release is therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Andre Graham's Motion to Terminate Defendant's Term of Supervised Release (Doc. 169) is **denied without prejudice** to refile in February 2023.

**IT IS SO ORDERED.**

Dated: February 28, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE